STATE IN THE INTEREST OF D. C.

STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT, v. D. C., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 3, 1971—Decided May 10, 1971.

Before Judges GOLDMANN, LEONARD and FRITZ.

*Mrs. Susan T. Sinins,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Martin R. Kayne,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph D. J. Gourley,* Passaic County Prosecutor, attorney).

The opinion of the court was delivered by

GOLDMANN, P. J. A. D. A juvenile delinquency complaint was filed against D. C. charging that on October 26, 1969 "he did have in his possession, a stolen 1962 Chev., * * * said auto being the property of one L. Peterson" of Rutherford, N. J. The juvenile, represented by counsel, waived indictment and trial by jury. The matter was thereupon set down on the formal calendar. There was a motion to dismiss the complaint at the close of the State's case on the ground that there had been no proof by competent testimony that the automobile was stolen property. The motion was denied and, after the juvenile had testified and the assistant deputy public defender again argued that the complaint should be dismissed, the trial judge sustained the complaint, found D. C. guilty of juvenile delinquency beyond a reasonable doubt, and committed him to the Yardville Youth and Reception Center. This appeal followed.

■ The adjudication must be reversed. The only evidence presented by the State as to the automobile being a stolen vehicle was the testimony of arresting officer Paz. While he was being cross-examined by D. C.'s counsel, the trial judge asked Paz whether he had checked out ownership of the car. When he answered that he had, the judge inquired, "What was it?" Counsel's immediate objection that this was not competent testimony was overruled, and Paz then said that he had called headquarters which, in turn, "called NCIC for a look-up on the vehicle and they found it was stolen out of Rutherford, your Honor."

■ This double hearsay should not have been permitted. *Evidence Rule* 63. Whatever the informalities that are tolerated in formal hearings of juvenile matters, hearsay of a kind so fundamental to the State's case as here should not be allowed. *In re Gault,* 387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed.* 2d 527 (1967), which held that juvenile court proceedings are subject to the constitutional requirements of due process of law, requires no less. Compare *State in the Interest of Carlo,* 48 *N. J.* 224 (1966) (juvenile entitled to constitutional safeguard of voluntariness with respect to use of his alleged confession); *State in the Interest of L. B.,* 99 *N. J. Super.* 589 (J. D. R. Ct. 1968) (motion to suppress evidence cognizable in juvenile court). And see, Annotation, "Applicability of rules of evidence in juvenile delinquency proceeding," 43 *A. L. R.* 2d 1128, 1141 (1955); *A. L. R. Later Case Service* (vol. 40–48), at 373. The double hearsay testimony of Paz struck at the heart of due process.

■ The State skirts the due process question by arguing that the proofs establish beyond any reasonable doubt that D. C. had committed acts of juvenile delinquency, namely, that although only 16 years old he was driving a motor vehicle, that he drove it in a careless and reckless manner, and that he knowingly attempted to elude the police. But he was not so charged. It has been said that a juvenile complaint need not refer to the precise subsection of *N. J. S. A.* 2A:4–14 alleged to have been violated. *State in the Interest*

502

of *A. R., 57 N. J.* 71 (1970), and *State in the Interest of L. N.,* 109 *N. J. Super.* 278, 284 (App. Div. 1970). However, where, as here, the charge brought is precisely stated, the State must prove that charge by competent evidence.

No matter how strong the suspicion that D. C. was in possession of and driving a car he knew to have been stolen, he was entitled to a fair trial. An adjudication of delinquency based solely on hearsay cannot be sustained.

Reversed.